FILED
2016 Jun-16  PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAQUAN JACKSON, an individual ;** | ) | |
| **VICKI JACKSON, an individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **VELOCITY INVESTMENTS, LLC,** | ) | |
| **a corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, and for Plaintiffs' Complaint against the Defendant and states as follows:

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiffs' personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiffs.

2.     Defendant sued the Plaintiffs for a debt Plaintiffs did not owe and for which the statute of limitations had expired.

3.     The lawsuit against Plaintiffs was filed in a hope of obtaining a default judgment or coercing Plaintiffs into paying on a debt Plaintiffs did not owe.

4.  This is the pattern of collection activity by Defendant in its collection lawsuits in Alabama.

5.  The Plaintiffs won the lawsuit when Defendant filed a motion to dismiss the lawsuit with prejudice.

## JURISDICTION

6.  Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiffs in Alabama.  All the actions described in this suit occurred in Alabama.

7.  Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

8.  Venue is proper as Defendant does business in this judicial district and Plaintiffs live in this judicial district.

## PARTIES

9.  Plaintiffs LaQuan Jackson and Vicki Jackson (hereinafter "Plaintiffs") are natural persons who are residents of this judicial district in Alabama, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

2

10.     Defendant Velocity Investment, LLC, ("Defendant" or "Velocity[1]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated in Delaware and has its principal place of business in New Jersey.  Upon information and belief, any and all members of the LLC are citizens of Delaware and/or New Jersey.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

11.     Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

12.     Congress recognized that there are four social ills caused by abusive debt collection:  (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

13.     Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

14.     15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

---

[1] "Velocity Investments, LLC" means Velocity directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiffs, or otherwise took any collection action against Plaintiffs.

(a)     There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

### Communication Between Velocity and Plaintiffs

### Before Collection Suit Was Filed

15.    Defendant Velocity wrote to Plaintiffs on June 29, 2015, attempting to collect an alleged debt from Plaintiffs.

16.    This letter was false as it claimed Santander was the original creditor when this is not true.

17.    The amount claimed, $9,633.52 is false.

18.   This letter informed Plaintiffs they had 30 days to dispute and request validation of the debt.

19.   As Plaintiffs had never heard of Defendant Velocity, and since the statute of limitations on any such debt had long expired, Plaintiffs sent a dispute letter to Defendant Velocity and its collection counsel on July 26, 2015.

20.   The letter stated:

> You recently wrote us about a supposed debt that some company called Velocity supposedly owns now. We dispute owing Velocity or any company you represent any money. Please pass this dispute along to Velocity as we didn't / don't know for concern what their address is. We are sending a certified copy of this letter to what we think may be Velocity at 1800 Route 34N, Suite 404A, Wall, NJ 07719.
>
> If you think we owe you or Velocity any money, please send us proof in writing and validate/verify this alleged debt.
>
> Even if we did owe the money, which we don't, it looks like to us the statute of limitations on car loans has long ago expired so we are confused why you are sending us a letter which makes it appear that you, Mr. Friedman, have personally reviewed this file(s). Are you going to sue us? If so, explain, please, why you are going to sue us and how the statute of limitations has not expired.
>
> We trust both you and Velocity will send us a letter closing your file, not credit reporting, and will not sale or transfer this alleged debt.

21.   Defendant Velocity received the dispute letter directly and/or through its collection counsel.

22.   Defendant Velocity responded on August 10, 2015 through its collection counsel.

23.   Defendant Velocity promised to obtain additional information for Plaintiffs and it repeated the false statement about the original creditor and the amount owed.

24.   No validation occurred by Defendant Velocity in response to the very specific dispute letter by Plaintiffs.

25.   Instead, and in gross violation of the FDCPA, and demonstrating malice, Defendant Velocity sued Plaintiffs on December 10, 2015.

## The Circuit Court Collection Lawsuit

26.   On December 10, 2015, Defendant Velocity sued Plaintiffs in the Circuit Court of Jefferson County, Alabama, with a case number of CV-2015-904730.

27.   In this suit, Defendant Velocity asserted it was the owner of a certain debt allegedly owed by Plaintiffs.

28.   Defendant Velocity alleged Plaintiffs owed Velocity $9,633.52.

29.   Defendant Velocity also claimed court costs and attorney fees.

30.   The original creditor is listed as "Citifinancial Auto Credit, Inc., Citifinancial Auto, Ltd., and Citifinancial Auto Corporation."

31.   Defendant knows that Plaintiffs have never done business with Defendant.

32. The Complaint alleges Plaintiffs gave Defendant Velocity a security interest in the vehicle which is false.

33. The Complaint alleges Defendant Velocity declared the loan in default which is false.

34. The Complaint alleges Defendant Velocity repossessed the vehicle which is false.

35. The Complaint alleges Defendant Velocity sold the vehicle which is false.

36. Attached to the Complaint was a false document entitled "Assignment Cover Sheet."

37. The stated purpose of the Assignment Cover Sheet was "to obtain a default judgment in the above-styled case."

38. As merely one example of false representations, the Assignment Cover Sheet lacks the alleged purchase agreements from Crown Pontiac to Citi to Santander to Cascade to Defendant Velocity despite saying it was including all assignments.

39. This lawsuit, and the other Alabama lawsuits filed by Defendant Velocity every year, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant Velocity cannot and will not prove it has any right to collect on.

40. Defendant Velocity knew or should have known the statute of limitations had expired and the suit was improper.

41. Even if the debt was ever owed to some entity or even down the line to "Velocity," it was owed more than four (4) years before suit was filed.

42. The contract that created the alleged debt is for the sale of a good.

43. In this case, it was for a vehicle.

44. The seller was Crown Pontiac.

45. Plaintiffs were the buyers.

46. The Uniform Commercial Code, as set forth in Alabama Code § 7-2-725, clearly states the statute of limitations is 4 years on a sale of a good.

47. While not necessary, the letter from Santander dated April 1, 2011[2] shows the debt was accelerated and immediately due at least by April 1, 2011.

48. The debt was actually accelerated earlier but the April 1, 2011, letter shows the last possible date it was accelerated.

49. Plaintiffs made no payments anytime in 2011 or after to any entity for the vehicle loan.

50. This means the collection lawsuit, even had it been brought by a company that owned the debt, must have been brought at least by April 2, 2015.

51. Instead the collection suit was brought in December of 2015.

---

[2] Attached by Defendant Velocity in its state court lawsuit.

52.   Velocity knew what the statute of limitation was and decided to file and to continue to leave pending a lawsuit that was beyond the applicable statute of limitations.

53.   Another intention of Defendant Velocity was to continue to allow the case to move towards trial with the intent that the Plaintiffs would be intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

54.   Defendant Velocity knew Plaintiffs did not owe the debt sued on to Defendant Velocity.

55.   Defendant Velocity made misrepresentations and false statements in the lawsuit including that a debt was owed – Plaintiffs owed none to Defendant Velocity.

56.   Defendant Velocity misrepresented the amount owed when Plaintiffs owed Defendant Velocity nothing on this account.

57.   Defendant Velocity misrepresented the legal status of the debt as being owed when Plaintiffs owed nothing to Velocity.

58.   Defendant Velocity misrepresented that Defendant Velocity had standing and the right to bring the lawsuit when Defendant Velocity did not have standing and did not have the right to bring the lawsuit.

59. Defendant Velocity did not own the debt at the time the lawsuit was filed but it misrepresented that it did own the debt.

60. Defendant Velocity did not own the debt at any time the lawsuit was pending but it misrepresented that it did own the debt.

61. This bogus collection suit against Plaintiffs was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant Velocity in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers, including Plaintiffs.

## Plaintiff Answers The Velocity Lawsuit

62. Plaintiffs did not and do not owe the debt to Velocity.

63. Plaintiffs filed an Answer denying the allegations of Defendant Velocity.

64. The Answer was filed on December 30, 2015, by Plaintiffs' attorneys.

65. Defendant Velocity received a copy of this denial.

66. Defendant Velocity understood that Plaintiffs were refusing to pay on this debt.

67. Defendant Velocity understood that Plaintiffs disputed this debt.

68. Defendant Velocity knew Plaintiffs did not owe this debt.

69. Defendant Velocity made a conscious choice to continue to allow the lawsuit to move forward even though Defendant Velocity knew that there was no

merit to the case, but Defendant Velocity sought to use the lawsuit and the court process to force Plaintiffs to pay money on a debt Plaintiffs did not owe to Defendant Velocity.

70. Defendant Velocity had no witnesses or evidence to offer at trial and it knew this when it filed the lawsuit and at all times leading up to its Motion to Dismiss on January 25, 2016.

**The Judge Sets The Velocity Lawsuit For Status Conference**

71. On December 30, 2015, the state court set the case for a Status Conference on January 28, 2016.

72. Notice was sent to Defendant Velocity and Plaintiffs.

73. Plaintiffs sent discovery to Defendant Velocity on December 30, 2015.

74. Defendant Velocity knew that with its intention to never prove the case, with represented Plaintiffs and with focused discovery responses due, the game was over.

75. Defendant Velocity had provided no proof to its collection counsel that Defendant Velocity owned the debt.

76. Defendant Velocity had provided no proof to its collection counsel that Plaintiffs owed Defendant Velocity the debt.

## **Velocity Files A Motion To Dismiss The Lawsuit With Prejudice**

77.    Defendant Velocity realized that Plaintiffs were willing to fight this case and that Plaintiffs had counsel representing them.

78.    Defendant Velocity knew that with its intention to never prove the case, with represented Plaintiffs and with an inability to respond to discovery without revealing the case was filed without merit, it must dismiss the case.

79.    Defendant Velocity filed a Motion to Dismiss with Prejudice.

## **Velocity Loses The Collection Case**

80.    On January 27, 2016, District Court Judge Jim Hughey, III entered an Order dismissing the case with prejudice.

81.    This ended the case Defendant Velocity filed against Plaintiffs.

82.    No appeal or post judgment motion was filed.

83.    The adjudication on the merits is final and against Defendant Velocity.

## **Remaining Factual Allegations Against Defendant Velocity**

84.    Defendant Velocity has collected against Plaintiffs when Plaintiffs did not owe any money to Defendant Velocity on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a non existent debt from anyone, including Plaintiffs.

85.    Defendant Velocity has misrepresented the debt to Plaintiffs, including the amount of the debt, as none is owed.

86.   Defendant Velocity has misrepresented the debt to Plaintiffs, including the legal status of the debt, as none is owed.

87.   Defendant Velocity has taken action it knows is illegal including suing on a debt it knew Plaintiffs did not owe, suing before validating the debt, suing after the statute of limitations has expired, and allowing the case to remain pending on a debt it does not own and that Plaintiffs do not owe to Defendant Velocity.

88.   Defendant Velocity knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiffs (and all others similarly situated) would be harassed, oppressed, and abused by the filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiffs, the filing of a lawsuit when Defendant Velocity did not own the debt, the filing of a lawsuit after the statute of limitations has expired, by misrepresenting numerous facts in the lawsuit, and by all other wrongful acts described in this Complaint.

89.   The debt being collected is a consumer debt as defined by the FDCPA.

90.   Plaintiffs are "consumers" as defined by the FDCPA.

91.   Defendant Velocity is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiffs, the alleged debt

was in default and the collecting of defaulted debt is a major part of the business of Defendant Velocity.

92. Defendant Velocity has full knowledge of what it is doing by filing bogus lawsuits– it is a sophisticated debt collector (debt buyer) and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiffs) that Defendant Velocity has no right to take under state law and under the FDCPA.

93. Defendant Velocity knows that it is suing Alabama consumers (including Plaintiffs) who do not owe the debt being sued upon.

94. Defendant Velocity knows that it is suing Alabama consumers (including Plaintiffs) on debts that Defendant Velocity does not own which Defendant Velocity knows is not allowed in Alabama.

95. Defendant Velocity is counting on the fact that many Alabama consumers (including Plaintiffs) will not answer and so default judgments will be entered.

96. This type of "scattershot" litigation strategy is improper, deceptive, and abusive as it is fundamentally unfair and deceptive to sue consumers

(including Plaintiffs) who do not owe the debt and it is also improper to sue when there is no intention of proving the lawsuit filed.

97.   Defendant Velocity knows that its "scattershot litigation" is improper but it has decided that this is the most effective way (as opposed to only making collection calls and sending collection letters,) to obtain money from Alabama consumers who do not owe the money to Defendant Velocity.

98.   The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

99.   It is a practice of the Defendant Velocity to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

100.   All actions taken by employees, agents, servants, or representatives of any type for the Defendant Velocity were taken in the line and scope of such individuals' employment, agency or representation.

101.   At no time has Defendant Velocity told or implied to Plaintiffs that any conduct by any agent or employee of Defendant Velocity was outside the line and scope of such employment or agency.

102. This includes collection counsel for Defendant Velocity who in all ways conducted themselves in the line and scope of their agency and representation of Defendant Velocity.

103. All actions taken by the Defendant Velocity were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiffs sand/or that its actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

104. Defendant Velocity has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant Velocity is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

105. Defendant Velocity is liable to Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiffs.

106.   At no time before the collection suit, during the collection suit, after the collection suit, or even up to the date this Complaint is filed, has Defendant Velocity directly or indirectly, expressly or implicitly, apologized to the Plaintiffs for the conduct described in this Complaint, which demonstrates that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

107.   Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

108.   Defendant Velocity violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-10, and 15-106.

109.   The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
### 15 U.S.C. § 1692e

110.   Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

111.   Defendant Velocity violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-10, and 15-106.

112.   The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

113.   Section 1692e(2) states, "The false representation of the character, amount, or legal status of any debt;"

114.   Defendant Velocity violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-10, and 15-106.

115.   The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

116.   Section 1692e(10) states, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

117.   Defendant Velocity violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-10, and 15-106.

118.   The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

119.   Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

120.   Defendant Velocity violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-10, and 15-106.

121.  The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

122.  Section 1692f(1) states, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

123.  Defendant Velocity violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-10, and 15-106.

124.  The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

125.  Section 1692g states, "that if a consumer disputes the debt within 30 days, the debt collector must validate the debt or cease collection activities, until it validates the debt.

126. Defendant Velocity violated Section 1692g by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-10, and 15-106.

127. The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## INVASION OF PRIVACY

128. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant Velocity violated Alabama state law as described in this Complaint in paragraphs 1-5, 9-10, and 15-106.

129. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

130. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions"

including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

131. Defendant Velocity intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

132. Defendant Velocity intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

133. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

134. The conduct of Defendant Velocity, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendant Velocity which occurred in a way that would be highly offensive to a reasonable person in that position.

135. This conduct includes the filing of a public lawsuit against Plaintiffs.

136. A public lawsuit that has no merit and Defendant Velocity knew at the time it filed the lawsuit that it had no merit.

137. All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant Velocity in its campaign of improper debt collection, which has led to the Plaintiffs' privacy being invaded.

138. The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

139. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant Velocity.

140. All acts of Defendant Velocity were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Velocity is subject to punitive damages.

## COUNT IX.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

141. Defendant Velocity's collectors are allowed and encouraged to break state law in order to collect debts.

142. This includes all of the violations of the law described in this Complaint in paragraphs 1-5, 9-10, and 15-106 and the paragraphs in this Count.

143. Defendant Velocity is aware of the wrongful conduct of its collectors.

144. Defendant Velocity negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and Defendant Velocity is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

145. Plaintiffs do not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow bogus lawsuit after bogus lawsuit (including the one against Plaintiffs) to be filed, and to be filed after the time period to sue had expired, to be "prosecuted" (actually there was nothing done by Defendant Velocity other than to hope Plaintiffs would default or cave in to the lawsuit),

unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiffs while Defendant Velocity sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

146.  The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.

## WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

147.  Defendant Velocity 's collectors are allowed and encouraged to break state law in order to collect debts.

148.  This includes all of the violations of the law described in this Complaint in paragraphs 1-5, 9-10, and 15-106 and the paragraphs in this Count.

149.  Defendant Velocity is aware of the wrongful conduct of its collectors.

150.  Defendant Velocity wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs. and Defendant Velocity is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

151. Plaintiffs do not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow bogus lawsuit after bogus lawsuit (including the one against Plaintiffs) to be filed, and to be filed after the time period to sue had expired, to be "prosecuted" (actually there was nothing done by Defendant Velocity other than to hope Plaintiffs would default or cave in to the lawsuit), for false credit reporting to happen before during and after the lawsuit, unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors to run wild and damage Plaintiffs while Defendant Velocity sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

152. The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

### INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

153. Defendant's collectors are allowed and encouraged to break state law in order to collect debts.

154. This includes all of the violations of the law described in this Complaint in paragraphs 1-5, 9-10, and 15-106 and the paragraphs in this Count.

155. Defendant Velocity is aware of the wrongful conduct of its collectors.

156. Defendant Velocity intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and Defendant Velocity is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

157. Plaintiffs do not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow bogus lawsuit after bogus lawsuit (including the one against Plaintiffs) to be filed, and to be filed after the time period to sue had expired, to be "prosecuted" (actually there was nothing done by Defendant Velocity other than to hope Plaintiffs would default or cave in to the lawsuit), for false credit reporting to happen before during and after the lawsuit, unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiffs while Defendant

Velocity sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

158. The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

## WANTON CONDUCT

159. Defendant Velocity had a duty, and assumed a duty, to treat Plaintiffs fairly and with reasonable care.

160. Defendant Velocity had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiffs.

161. Defendant Velocity acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Complaint in paragraphs 1-5, 9-10, and 15-106 and the paragraphs in this Count.

162. Defendant Velocity violated all of the duties Defendant Velocity had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

163. It was foreseeable, and Defendant Velocity did in fact foresee it, the each and every action of Defendant Velocity (filing a bogus lawsuit and filing

after the statute of limitations had expired) would lead and did lead to the exact type of harm suffered by Plaintiffs.

164.   The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

## MALICIOUS PROSECUTION AGAINST DEFENDANT VELOCITY

165.   Defendant Velocity instituted and continued prosecuting the lawsuit against Plaintiffs with no reasonable basis to do so as Plaintiff did not owe Defendant Velocity the debt sued upon.

166.   Defendant Velocity continued to prosecute the case with no reasonable basis to do so as Plaintiffs did not owe Defendant Velocity the debt sued upon.

167.   Defendant Velocity filed and used this case as a means of attempting to extort money out of Plaintiffs or obtaining a default judgment against Plaintiffs if Plaintiffs did not answer the suit.  While this failed, the attempt by Defendant Velocity shows the malice against Plaintiffs.

168.   Defendant Velocity instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiffs or would cause Plaintiffs to pay Defendant Velocity money on a non-existent debt.

169. The malicious plan of Defendant Velocity included the knowledge that the fraudulent judgment would be devastating to Plaintiffs' credit report and credit scores and would lead to garnishments and/or seizures of property and the Defendant Velocity tried to accomplish this by the Defendant Velocity's malicious and abusive actions.

170. Throughout the entire illegal lawsuit against Plaintiffs, Defendant Velocity knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiffs which Defendant Velocity knew it was not entitled to receive.

171. The litigation against Plaintiffs filed by Defendant Velocity eventually resulted in adjudication in favor of Plaintiffs on January 27, 2016.

172. The illegal and improper actions of the Defendant Velocity constitutes malicious prosecution and this cause of action is supported by paragraphs 1-5, 9-10, and 15-106 of the Complaint and the paragraphs in this Count.

173. This is the pattern and practice of Defendant Velocity – to file suits with no basis in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant Velocity.

174. The conduct of the Defendant Velocity has proximately caused Plaintiffs past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiffs claim more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**


**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiffs**

**Serve defendant via certified mail at the following address:**

Velocity Investment, LLC
c/o CSC Lawyers Incorporating Srv Inc
150 S. Perry Street
Montgomery, Alabama 36104